IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CARLOS EDUARDO LARA ELIAS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BAJA CAPITAL PARTNERS, LLC ) <br> and RICHARD ALBERTI, ) <br> ) <br> Defendants. ) | C.A. No. _____ |

### COMPLAINT

Plaintiff Carlos Eduardo Lara Elias ("Dr. Lara"), by his attorneys, Potter Anderson & Corroon, LLP, complains against Defendants Baja Capital Partners, LLC ("BCP"), and Richard Alberti ("Alberti"), as follows:

### NATURE OF THE ACTION

1. This is an action for issuance of a writ of replevin, declaratory judgment, breach of contract, punitive damages and attorneys' fees.

2. It is undisputed, and even admitted by the Defendants, that Dr. Lara is the owner of Bancomer Certificates of Deposit Numbered 7921536, 287930, 388765 and related bank documents (collectively "CDs and related documents"). As owner, Dr. Lara is entitled to the immediate possession of the CDs and related documents from the Defendants. Notwithstanding Dr. Lara's clear and undisputed ownership of the CDs, Alberti, the managing member of BCP, has refused Dr. Lara's repeated demands for the return of the CDs and related documents. Instead, Alberti, gave the CDs and related documents to Defendants' escrow agent, Paul Burlingame, Esq. ("Burlingame") with instructions not to release the CDs and related documents absent a writing signed by both Alberti and Dr. Lara. Although Dr. Lara has provided such a writing to Alberti, Alberti refuses to sign it. Therefore, Dr. Lara seeks a declaration and a writ of

replevin for the safe return to his possession the CDs and related documents, as well as compensatory and punitive damages, and attorneys' fees.

## JURISDICTION AND VENUE

3. The amount in controversy in this Action exceeds $75,000 exclusive of costs and interest.

4. Jurisdiction is conferred to this Court pursuant to 28 U.S.C. § 1332 ("Diversity of Citizenship").

5. Venue is proper in this District pursuant to 28 U.S.C. §1391(a)(2), or in the alternative, §1391(a)(3).

## PARTIES

6. Dr. Lara is a citizen in the State of Arizona. He presently resides in Tucson, Arizona.

7. Defendant BCP is a limited liability company organized under the laws of the State of Delaware.

8. Defendant Alberti is an individual who, upon information and belief, is a United States citizen and a resident of the State of Pennsylvania, a founder and incorporator of Defendant BCP, and presently its managing member.

## FACTUAL BACKGROUND

9. On three occasions in December of 1986, Dr. Lara purchased three certificates of deposit from Bancomer Bank of Mexico. On December 5, 1986, Dr. Lara bought Bancomer CD Numero de Recibo 7921536 in the amount of 50,000,000 pesos ("CD Number 7921536 "). On December 8, 1986, Dr. Lara bought Bancomer CD Numero de Recibo 388765 ("CD Number 388765") in the amount of 1,500,000 pesos. On December 22, 1986 Dr. Lara bought Bancomer CD Numero de Recibo 287930 in the amount of 6,000,000 pesos ("CD Number 287930").

10. At present, the value of each CDs is estimated to be in excess of $75,000 dollars.

11. On or about August 23, 2005, non-parties Joseph Campos, Alfonso Posada and Michael Hiltz, together with Defendant Alberti formed BCP (formerly known as Baja Capital Group, LLC), a Delaware limited liability corporation, for the purposes of raising financing to be used in assisting Dr. Lara in recovery efforts against Bancomer on the CDs.

12. On October 1, 2005, BCP entered into an agreement with Dr. Lara (the "BCP – Lara Agreement") that provided in relevant part that: (a) Dr. Lara appoint BCP as his attorney and agent in all recovery efforts relating to the three CDs; (b) BCP would receive 50% of the proceeds on any recovery from Bancomer; (c) Dr. Lara would deposit into an escrow account with Alberti CD Number 388765 and, in return; (d) BCP would raise $800,000 for Dr. Lara's cattle ranch business. Upon BCP fully funding the $800,000 for Dr. Lara's cattle ranch business, Dr. Lara also agreed to deposit CD Number 7921536 and CD Number 287930 into escrow with Alberti.

13. The BCP-Lara Agreement also provided that BCP could terminate the Agreement at any time if it believed that it could not successfully perform. Upon such termination, the Agreement stated that BCP shall return any and all certificates and documents in its possession and the Parties shall have no further obligation or liabilities to each other whatsoever including, but not limited to, any monies expended by BCP.

14. On or about April 2, 2006, Dr. Lara provided the CDs and related documents to Gerald B. Richards, a forensic scientist, for the sole purposes of having the CDs authenticated by Mr. Richards.

15. After Mr. Richards examined the CDs for purposes of authenticating them, the CDs came into Defendants' possession.

16. On June 6, 2006, BCP and Dr. Lara entered into an amended agreement ("BCP – Lara Amended Agreement") that provided in relevant part that BCP pay Dr. Lara an additional $50,000, a $5,000 per month stipend, and $10,000 for moving expenses in exchange for increasing BCP's share of the recovery on the CDs to 75%.

17. On September 6, 2006, Alberti, on behalf of BCP, wrongfully entered into an escrow agreement with a non-party, Mr. Paul Burlingame, and transferred the CDs to Mr. Burlingame to be held in escrow for BCP.

18. Mr. Burlingame presently holds the CDs and related documents in a safe deposit box in Sky Bank, 716 14th Street, Beaver Falls, PA 15010.

19. On November 17, 2006, three of the five members of BCP, Robert Campos, Joseph Campos and Alfonso Posada, passed a BCP resolution requiring Alberti to return the CDs and related documents to Dr. Lara as a result of BCP's inability to perform under the Agreements.

20. Alberti refused to comply with the resolution.

21. BCP has breached the BCP – Lara Agreement by failing to raise the full $800,000 for Dr. Lara's cattle ranching business. BCP also breached the BCP – Lara Amended Agreement with Dr. Lara by discontinuing the payment of the $5,000 per month stipend in November 2006. BCP has failed to pay the monthly stipend to Dr. Lara since that time.

22. BCP has continued to fail to recover any amounts from Bancomer despite the lapse of almost 2 years since the date of the BCP-Lara Agreement. BCP has not even so much as brought the matter of these three CDs to the attention of Bancomer.

## COUNT I – ACTION FOR REPLEVIN

23. Dr. Lara realleges each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

24. As the owner of the CDs and related documents, Dr. Lara is lawfully entitled the immediate possession of these items.

25. As a result of the BCP resolution and BCP's breaches of its agreements, Dr. Lara has made repeated demands to Defendants for the return of the CDs and related documents, but Defendants have refused Dr. Lara's requests.

26. Dr. Lara has also made repeated demands to Mr. Burlingame for the return of the CDs and related documents but he has refused, stating that absent a release signed by both Dr. Lara and Alberti or a court order, he will not release any documents held in escrow.

27. Dr. Lara has repeatedly demanded that the Alberti provide the signed writing required by the escrow agent, Burlingame, but Alberti has refused.

28. The CDs and related documents have been wrongfully retained by Defendants and Dr. Lara is entitled to their immediate return.

## COUNT II – ACTION FOR DECLARATORY RELIEF

29. Dr. Lara realleges each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

30. Defendant Alberti is acting outside of the scope of his authority as managing member in willful violation of the agreement with Dr Lara and in violation of resolutions duly adopted by the members of BCP which call for the prompt return of the CDs and related documents to Dr. Lara.

31. Based on the foregoing, Dr. Lara is entitled to an order declaring that Defendant Alberti immediately comply with the BCP resolution requiring him to return return the CDs and related documents to Dr. Lara.

### COUNT III – ACTION FOR BREACH OF CONTRACT

32. Dr. Lara realleges each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

33. Dr. Lara and BCP entered into valid and enforceable contracts, specifically, the Lara-BCP Agreement and the Lara-BCP Amended Agreement.

34. By the terms of these contracts, BCP agreed to pay Dr. Lara $800,000 and a $5,000 per month stipend.

35. BCP failed to pay Dr. Lara the full $800,000 and stopped paying Dr. Lara the $5,000 per month stipend.

36. BCP has also failed to make any recovery efforts against Bancomer on the CDs.

37. As a consequence, Dr. Lara suffered and is entitled to recover damages from the Defendants.

38. As a result of defendants' willful, malicious and outrageous acts and omissions in refusing to return the CDs and related documents, Dr. Lara is entitled to punitive damages against one or more of the defendants in an amount to be determined upon trial, but in no event less than $10 million.

39. Based on the conduct of the Defendants in withholding the CDs and related documents, Dr. Lara is entitled to the recovery of his attorneys' fees against Defendants.

WHEREFORE, Plaintiff Dr. Carlos Eduardo Lara Elias requests entry of judgment in his favor and:

    A.    immediate possession of the CDs, including all related documents;

    B.    a declaration that Defendant Alberti comply with the BCP resolution;

    C.    any additional damages caused by Defendants' unlawful detention of the CDs and related documents;

D.  punitive damages;

E.  attorneys' fees; and

F.  such other and further relief as this Court may deem just and equitable.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Allen C. Wasserman
Gregory T. Casamento
LORD, BISSELL & BROOK, LLP
885 Third Avenue
New York, New York 10022
(212) 812-8325

By: _____
Michael D. Goldman  (ID No. 268)
Daniel F. Wolcott, Jr.  (ID No. 284)
David E. Moore  (ID No. 3983)
1313 North Market Street—6th Floor
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000
mgoldman@potteranderson.com
dwolcott@potteranderson.com
dmoore@potteranderson.com

Dated: July 30, 2007
809662 / 32113

*Attorneys for Plaintiff Carlos Eduardo Lara Elias*

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CARLOS EDUARDO LARA ELIAS

## DEFENDANTS
BAJA CAPITAL PARTNERS, LLC and RICHARD ALBERTI

(b) County of Residence of First Listed Plaintiff: **PIMA COUNTY**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Daniel F. Wolcott, Jr., Esquire (ID No. 284)   Tel: (302) 984-6000
David E. Moore, Esquire (ID No. 3983)
Potter Anderson & Corroon LLP
1313 North Market Street--6th Floor, Wilmington, Delaware 19801

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [x] 2 | [x] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury—Med. Malpractice | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 365 Personal Injury—Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 640 R.R. & Truck | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine / **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability / [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 830 Patent | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | [ ] 690 Other | [ ] 840 Trademark | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 875 Customer Challenge 12 USC 3410 |
| [x] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 530 General / [ ] 535 Death Penalty | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 540 Mandamus & Other | [ ] 740 Railway Labor Act | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 550 Civil Rights | **FEDERAL TAX SUITS** | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 555 Prison Condition | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. Section 1332 Complaint concerning ownership of certificates of deposit; declaratory judgment and writ of replevin

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE 7/30/07   SIGNATURE OF ATTORNEY OF RECORD (3983)

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 12/96)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. — 0 7  4 7 0 —

## ACKNOWLEDGMENT
## OF RECEIPT FOR AO FORM 85

### NOTICE OF AVAILABILITY OF A
### UNITED STATES MAGISTRATE JUDGE
### TO EXERCISE JURISDICTION

I HEREBY ACKNOWLEDGE RECEIPT OF ___2___ COPIES OF AO FORM 85.

___7-30-07___
(Date forms issued)

___Shane Handlin___
(Signature of Party or their Representative)

___Shane Handlin___
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action